## Gustave Christ and another v. Christopher Kusterer and another.

*Appeal in chancery: Injunction bill: Jury: Practice in supreme court.* Upon an appeal in chancery of an injunction bill, where the evidence was too vague and conflicting to warrant any decree designed to settle the rights brought in controversy, and the case was a proper one for a jury, the decree below dismissing the bill was modified so that the dismissal should be without prejudice to any proceedings at law, or to any equitable proceeding based upon a verdict of a jury.

*Heard January 11.   ·Decided July 13.*

Appeal in Chancery from Kent Circuit.

This bill was filed to enjoin the defendants from excavating upon their own premises and establishing a reservoir

of water there, because, as was claimed, it would result in cutting off and diverting from its natural course, a subterranean stream or water course that issued from the ground in a perennial spring upon complainants' adjoining premises, where the latter had long used it in their brewery, in the manufacture of malt liquors. The answer denies that there is any spring on complainants' said premises, or any underground stream, or water course, flowing from defendants' lands, but states that said premises, and most of the surrounding lots, are of a wet and boggy nature, and composed partly of soil and partly of water; that the water has no definite current or direction, but can be accumulated in considerable quantities by digging and awaiting percolation; that complainants' said premises are lower than defendants', and the water, to some extent, percolates from some of defendants' lands into complainants' said premises. The answer also denies that the defendants' contemplated work will, if carried on, result in cutting off or diverting the water from complainants' said premises.

Proofs were taken on behalf of both complainants and defendants, and on the hearing the bill was dismissed, with costs. From this decree the complainants appealed.

*Hoyt & Gray, T. B. Church, Eggleston & Kleinhans* and *Jacob Ferris*, for complainants.

*Miller, Rogers & Wilson*, for defendants.

GRAVES, J.

Upon deliberate consideration, we are all of opinion that the evidence in this case is too vague and conflicting to warrant any decree designed to settle the rights brought in controversy by the parties.

The case is one in which a jury would be much better qualified than a court of last resort, to pass upon the facts.

They could view the neighborhood, and from the light thus obtained, place a better estimate upon the verbal testimony than it is possible for us to do with nothing but the record to guide us. The necessity for referring such facts to a jury, in nuisance cases, as is frequently done, is no greater than exists here.

We think the decree below should be so modified as that the dismissal of the bill, with costs to defendants, shall be without prejudice to any proceedings at law the complainants may be advised to take, or to any equitable proceeding based upon any verdict given in their favor. The defendant will recover costs in this court.

The other Justices concurred.